IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

OMNI-TEST LABORATORIES, INC.,     )
                                     )
          Plaintiff,               )    TC-MD 110944C
                                     )
         v.                     )
                                     )
MULTNOMAH COUNTY ASSESSOR,    )
                                     )
                                     )
          Defendant.       )    **DECISION**

This matter is before the court on Defendant's Motion to Dismiss (Motion), filed with the court September 19, 2011. The court addressed the motion with the parties during a telephone case management hearing December 6, 2011. Plaintiff is represented by Greg Rogers, CPA. Defendant is represented by Richard Teague, an appraiser with the assessor's office.

## I. STATEMENT OF FACTS

The appeal involves a request by Plaintiff for the removal of penalties imposed by Defendant for Plaintiff's failure to file personal property tax returns in 2009 or 2010 reporting the value of Plaintiff's taxable personal property. The tax years at issue are 2009-10 and 2010-11. The subject property is identified in the Multnomah County Assessor's records as Account P639455. Plaintiff ultimately filed the statutorily required returns on or about December 2, 2010.

Defendant added the property to the assessment and tax rolls as omitted property on or about May 4, 2011. (Ptf's Compl at 2.) Plaintiff filed its appeal with this court August 24, 2011.

According to a written narrative attached to the Complaint, Plaintiff has been in business since May 7, 1981, and has always paid its taxes in full in a timely fashion. (*Id*. at 4.) Plaintiff moved its operations from Washington County to Multnomah County in 2008. (*Id*. at 6.)

Plaintiff sent a letter to the assessor's office in June 2008 advising Defendant of its relocation to Multnomah County and its address. (*Id*.) Plaintiff also notified the Washington County Assessor's office of its relocation. (*Id*. at 7.) There is no indication that Defendant sent Plaintiff a blank form for Plaintiff to use in reporting the value of its personal property, as provided in ORS 308.290(3)(c).[1]

## II. ANALYSIS

Every individual or business with taxable personal property is required to file an annual return with the assessor of the county in which the property is located (unless the property is assessed centrally by the Department of Revenue). ORS 308.290. The returns are due on or before March 1 each year. ORS 308.290(4). That statute further provides for the imposition of a penalty under the provisions of ORS 308.296 if the return is not filed by March 1 each year. ORS 308.290(1)(a).

ORS 308.296, in turn, provides for a graduated penalty for late returns beginning at five percent of the tax attributable to the property and climbing to 50 percent where a return is not filed by August 1. ORS 308.296(2) - (4). Plaintiff did not file returns in 2009 or 2010 and Defendant therefore imposed a penalty equal to 50% of the tax due. Plaintiff is requesting a waiver of that penalty. However, Defendant added the property to the assessment and tax rolls on May 4, 2011, and Plaintiff did not file its appeal with this court until August 24, 2011. Defendant has therefore moved for dismissal of this appeal as untimely.

Omitted property is added to the rolls under the provisions of ORS 311.205 through ORS 311.235. ORS 311.223(4) provides that "[a]ny person aggrieved by an assessment made under [the omitted property statutes] may appeal to the tax court within 90 days after the correction of

---

[1] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2009.

the roll * * *." In this case the property was added to the rolls on May 4, 2011. The 90-day appeal deadline was August 2, 2011. Plaintiff filed its appeal August 24, 2011. Plaintiff missed the 90-day appeal deadline by roughly three weeks.

Plaintiff has requested that the court nonetheless waive or reduce the penalty based on extenuating circumstances. Plaintiff explained to the court that a series of events contributed to the failure on the part of Plaintiff to file the required returns. First there was the move in 2008. (Ptf's Compl at 6.) Second, Paul Tiegs (Tiegs), OMNI's majority shareholder and the individual who was primarily responsible for the oversight of the organization's finances, suffered a stroke after the move. Tiegs subsequently suffered a heart attack. (*Id*. at 4.) At the time of the proceeding in this matter in December 2011, Tiegs was still recuperating. Tiegs' wife Beth took over certain responsibilities, apparently including at least some of the financial matters of the organization and was overwhelmed by the medical condition of her spouse and her new or additional corporate responsibilities. In any event, she did not file the returns that triggered the penalties Plaintiff now seeks to have waived.

While the court sympathizes with the problems facing Plaintiff, there is no provision in the law for this court to consider extenuating circumstances in cases where, as here, the appeal is not timely filed from an omitted property assessment. The statute imposes a strict 90-day deadline from the date of the correction of the roll and there is no provision of the law for extraordinary circumstances as a basis for waiving or otherwise overlooking that strict 90-day deadline.

/ / /

/ / /

/ / /

## III.  CONCLUSION

For the reasons set forth above, the court concludes that Defendant's Motion to Dismiss must be granted and Plaintiff's appeal dismissed.  Accordingly, the penalty Defendant imposed for the 2009-10 and 2010-11 tax years shall remain undisturbed.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.

Dated this ___ day of December 2011.

_____
DAN ROBINSON
MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on December 20, 2011. The Court filed and entered this document on December 20, 2011.*